*LITTLEJOHN* vs. *RAMSAY.*

Appeal from the court of the first district.

LITTLEJOHN
*vs.*
RAMSAY.

MARTIN, J., delivered the opinion of the court. The firm of Cumming & Ramsay, of which the defendant was a partner, being creditors of the plaintiff for $329 61, received from him Fort's note for a larger sum, payable to the plaintiff, and promised to account for the balance, by paying it; to wit, $383 79 to Walton, and $427 47 to Williams.

An agent who surrenders a note belonging to his principal, and takes one payable, at a distant day, to himself, and delays bringing suit at maturity, is chargeable with its amount.

The defendant afterwards received from Fort $172, and took his note for the balance, in his, the defendant's name, at ninety days; and eight months after it became due, put it in suit, had judgment, which was not recorded, and has failed in his endeavor to collect the money. The plaintiff had judgment for the balance, and the defendant appealed.

It is clear the note of Fort's to the plaintiff was novated by the defendant surrendering it and receiving a part payment, and taking a note in his own name for the balance, at a distant period. He is certainly liable for the amount of the note, but Walton and Williams,

East'n. District.
*June*, 1826.

LITTLEJOHN
*vs.*
RAMSAY.

to whom he bound himself, by his receipt for the note to the plaintiff, acquired by this circumstance a right against the defendant, the existence of which is said to be inconsistent with that of the plaintiff to compel payment from the defendant.

The defendant has pleaded the general issue. It does not appear that either Walton or Williams sought to avail themselves of any right against him. By undertaking with the plaintiff, to pay the latter's money to them, he contracted an obligation with him to do so; and if he failed, this obligation resolved itself on that of paying him damages, for the injury sustained. It is true he also contracted obligations both to Walton and Williams. These three obligations could well exist at the same time, like those of the master of a ship, to the shipper and consignee; and as the delivery of the goods to the consignee dissolves both the obligations of the master, payment, according to the defendant's contract, would have discharged all those of the present defendant's. These likely were the plaintiff's creditors, and he has an interest that the money he placed in the defendant's hands, to be paid them, should be recovered from the former, if

he refuse or neglect to pay it to the latter. *Fluke* vs. *Turner.* *Ante,* 551.

It is therefore ordered, adjudged and decreed, that the judgment of the district court be affirmed, with costs.

*Preston* for the plaintiff, *Grymes* for the defendant.